978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Crisanto TREVINO, Defendant-Appellant.
 No. 91-1737.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 21, 1992.*
Decided Oct. 23, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 A jury convicted Crisanto Trevino of numerous offenses, including possessing controlled substances (heroin and cocaine) with intent to distribute them. 21 U.S.C. § 841(a)(1). Over Trevino's objection, the government introduced evidence of prior similar acts under Federal Rule of Evidence 404(b). The similar act evidence consisted of the testimony of a drug addict named Cristobal Najar that, on several occasions in the months preceding Trevino's arrest, Trevino gave Najar heroin. Trevino maintains on appeal that the district court abused its discretion by admitting this evidence.
 
 
 2
 Rule 404(b) prohibits the government from introducing evidence of a defendant's prior crimes to prove the defendant's propensity to commit the crime charged. However, Rule 404(b) permits the introduction of such evidence in order to prove other things such as intent. For this to occur,
 
 
 3
 evidence of prior bad acts must satisfy a four-part test: (1) the proffered evidence must be relevant to a matter in issue other than the defendant's propensity to commit the charged crime; (2) the prior bad act must be similar in nature and close in time to the crime charged; (3) the prosecution must establish that the defendant in fact committed the prior bad act; (4) the probative value of the evidence must not be outweighed by its prejudicial effect.
 
 
 4
 United States v. Goodapple, 958 F.2d 1402, 1406 (7th Cir.1992). On appeal, Trevino contends that Najar's testimony fails parts 1 and 4 of this test. We analyze the evidence in light of part 1 first.
 
 
 5
 Possession with intent to distribute a controlled substance is a specific intent crime. Id. at 1407. As with the defendant in Goodapple, Trevino's distribution of heroin to Najar "was directly relevant to and probative of" Trevino's intent with regard to the charge of possession with intent to distribute. Id. In fact, the relevance of the prior acts is greater here than in Goodapple since Trevino's prior acts were closer in time to the crime charged than were the defendant's in Goodapple. Thus, the first part of the test is satisfied.
 
 
 6
 The fourth part concerns whether admission of the evidence is barred by Rule 403, i.e., whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Citing United States v. Rivera, 837 F.2d 906 (10th Cir.1988), Trevino maintains that "[i]n order for evidence to be admissible under Rule 404(b) there must be a substantial need for the probative value of the evidence provided for by the other crimes." Appellant's Br. 10. Thus, according to Trevino, Najar's testimony was inadmissible because the government had abundant proof that Trevino knew about the contraband in his basement.
 
 
 7
 We anticipated this argument in United States v. Leight, 818 F.2d 1297, 1302-03 n. 3 (7th Cir.), cert. denied, 484 U.S. 958 (1987). We also anticipated its main problem: Trevino is now in the awkward position of arguing that Najar's testimony should not have been admitted because the other evidence against him was so strong. Of course, if the other evidence was that strong, then the harmless error rule would bar relief. United States v. Monzon, 869 F.2d 338, 345 (7th Cir.), cert. denied, 490 U.S. 1075 (1989). In any case, since one of the elements of the offense was intent to distribute, the evidence of Trevino's previous distribution of heroin was highly probative of his intent to distribute drugs on the current charge. See Goodapple, 958 F.2d at 1407; United States v. Chaimson, 760 F.2d 798, 805-06 (7th Cir.1985). And while there may have been some resulting prejudice, the danger was probably less than in the typical case where the government shows prior instances of drug distribution. This is because Trevino gave Najar fairly small quantities, and he did not charge Najar for the heroin because Najar was an addict and Trevino felt sorry for him. Tr. 139-40, 149-50. Because of the high probative value and the low danger for unfair prejudice, Najar's testimony satisfies part 4 of the test.
 
 
 8
 Based on the reasons stated above, we cannot say that the district court abused its discretion in admitting Najar's testimony. Therefore, we AFFIRM Trevino's conviction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the case has been submitted on the briefs and record